UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MAURICE EARL OATIS | CIVIL ACTION |
| VERSUS | NO. 09-6266 |
| ST. TAMMANY PARISH SHERIFF'S OFFICE ET AL. | SECTION "N" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, Maurice Earl Oatis, is a prisoner currently incarcerated in the St. Tammany Parish Jail in Covington, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against the St. Tammany Parish Sheriff's Office and St. Tammany Parish Sheriff Jack Strain alleging that he has been denied access to educational and rehabilitation programs and seeking transfer to another prison facility. Plaintiff also seeks to have his "trustee status restored." Record Doc. No. 2, Complaint at ¶ V, pp. 5 and 6.

Specifically, plaintiff states that he would "like the court [to] authorize" his transfer to another prison facility "so I can resume where I had left off at to retain my education DOC status that every prisoner have the right's to better my self (sic) so I can be productive when I am released from DOC. St. Tammany Parish . . . [has] denied me a liberty interest by not allowing me to participate in educational and vocational programs that can lesson (sic) the duration of an imposed sentence." Plaintiff further

states that "a number of programs are available to all general population inmates in Louisiana Department of Public Safety and Corrections" and that he has "problems reading & writing [and has] to get help with all of my paperwork." Plaintiff asserts that he is scheduled to be released in five months on February 16, 2010, that he has been in the jail since October 23, 2007, and that "they have had plenty of time for me to become reform[ed] and rehilbated (sic)." Id. at p. 5.

Plaintiff requests "help with this issue as quickly as possible because I want to be productive when I go home." Plaintiff also seeks to have his "trustee status restored and recive (sic) proper educational schooling to get my G.E.D. & possablely (sic) go to a half-way house." Id. at pp. 5 - 6.

## ANALYSIS

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994)

(quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(1), either as frivolous because it lacks an arguable basis in law or

under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1]

## II.    NO RIGHT TO REHABILITATION

Oatis complains that he has not been provided with educational or rehabilitation opportunities while housed in the St. Tammany Parish Jail. This complaint is legally frivolous and wholly fails to state a cognizable Section 1983 claim because inmates have no protected liberty interest in specific recreational, educational or rehabilitative opportunities. Lato v. Attorney Gen., 773 F. Supp. 973, 978 (W.D. Tex. 1991).

As to educational or rehabilitative services, "a state has no constitutional obligation to provide basic educational or vocational training to prisoners." Beck v. Lynaugh, 842 F.2d 757, 762 (5th Cir. 1988) (citing Newman v. Alabama, 559 F.2d 283, 292 (5th Cir. 1977), rev'd in part on other grounds sub nom. Alabama v. Pugh, 438 U.S. 781 (1978)); accord Miles v. Windham Sch. Dist., 78 Fed. Appx. 418, 2003 WL 22408345, at *1 (5th Cir. 2003); Honshul v. Foti, 51 F.3d 1045, 1995 WL 153425, at *2 (5th Cir. 1995). Prisoners have no constitutional right to participate in educational, work release or other rehabilitation programs, particularly when no such programs exist at the facility. Joseph v. U.S. Fed. Bureau of Prisons, 232 F.3d 901, 2000 WL 1532783, at *1-2 (10th Cir. Oct. 16, 2000) (unpubl. opin. avail. on Westlaw); Wishon v. Gammon, 978

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

F.2d 446, 450 (8th Cir. 1992); Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988); Newman v. Alabama, 559 F.2d 283, 292 (5th Cir. 1977), rev'd in part on other grounds sub nom. Alabama v. Pugh, 438 U.S. 781 (1978); Oladipupo v. Austin, 104 F. Supp.2d 626, 638 (W.D. La. 2000). "Prisons are not educational institutions; there is no federal constitutional right to participate in a prison educational program." Burnette v. Phelps, 621 F. Supp. 1157, 1159 (M.D. La. 1985), (quoting Newman, 559 F. 2d at 292.)

Because Oatis has no constitutional right to educational or rehabilitative services or programs, he fails to state claims cognizable under Section 1983.

III.  NO RIGHT TO TRANSFER

Insofar as plaintiff seeks transfer to another facility where he can participate in educational and vocational programs or for any other reason, it is clear that a prisoner has no right of any kind springing from the Constitution itself to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-225 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Biliski, 55 F.3d at 162; Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982).

5

Constitutionally protected liberty interests may be created not only by the Constitution itself, however, but also by state law. Not every state statute creates a liberty interest protected by the Constitution and cognizable under Section 1983. On the contrary, a state statute creates constitutionally protected interests only if it establishes that state officials must take mandatory, non-discretionary actions in connection with the life, liberty or property of citizens. <u>Olim</u>, 461 U.S. at 249; <u>Jackson</u>, 864 F.2d at 1250. Thus, state statutes that vest officials with broad discretion to carry out their official functions do <u>not</u> create constitutionally protected interests that may form the basis for an action under Section 1983. See <u>Olim</u>, 461 U.S. at 249-50 (Hawaii prison regulations vesting prison administrators with broad discretion concerning inmate placement and transfers create no liberty interest protected under the Due Process Clause); <u>Merit v. Lynn</u>, 848 F. Supp. 1266, 1267-68 (W.D. La. 1994) (Louisiana parole statute is broadly discretionary and creates no constitutionally protected liberty interest).

In the instant case, Oatis's claim that he is entitled to be housed in a DOC prison facility with educational and rehabilitation programs rather than in the St. Tammany Parish Jail is governed by the related Louisiana statutes, La. Rev. Stat. § 15:566(B) and 15:824(B), that set forth the circumstances under which prisoners convicted of state criminal offenses are to be sent to DOC facilities from parish jails, and the myriad exceptions under which they may remain in parish facilities. These statutes vest

extremely broad discretion in the DOC officials who are responsible for the placement of state prisoners. As one Louisiana appellate court stated, in interpreting La. Rev. Stat. § 15:824 and vacating the order of a trial judge who attempted to require that the DOC remove convicted state prisoners from OPP to a DOC facility,

> This statute clearly envisions that the Department of Corrections <u>may be unwilling or unable</u> to take physical custody of prisoners sentenced to hard labor. In such an event, the department is obligated to pay the local sheriff or jailer for the costs of keeping such a prisoner . . . . The legislature by these enactments has manifested a <u>clear intent to leave the physical placement of prisoners within the jurisdiction of the DOC alone</u>.

<u>State v. Sylvester</u>, 648 So.2d 31, 33 (La. App. 4th Cir. 1994) (emphasis added).

Thus, the State of Louisiana by its broadly discretionary statutes has <u>not</u> created a protected liberty interest in being housed in a particular prison or being transferred from the St. Tammany Parish Jail to a DOC facility. Oatis has no constitutional right to be housed in a DOC prison or any particular facility, under either the Constitution or state law. This claim is legally frivolous and fails to state a cognizable Section 1983 claim.

IV.  <u>TRUSTY STATUS</u>

Insofar as plaintiff states that he "would like [his] trustee status restored," Oatis has no constitutional right to a particular status or classification within any prison, including specifically trusty status. The classification of inmates is an administrative function of the prison. <u>Jones v. Diamond</u>, 636 F.2d 1364, 1376 (5th Cir. 1981) (en

7

banc).[2] Courts accord great deference to prison officials' administrative decisions and will not interfere with legitimate administration without a constitutional violation. Bell v. Wolfish, 441 U.S. 520, 547-48 (1979); Smith v. Bingham, 914 F.2d 740, 742 (5th Cir. 1990). "Inmates have a federal right to due process at prison classification . . . only if state law contains 'substantive predicates' limiting the prison administrators' discretion to classify, assign, and punish inmates." Ricker v. Leapley, 25 F.3d 1406, 1409 (8th Cir. 1994); accord Canterino v. Wilson, 869 F.2d 948, 953 (6th Cir. 1989) (citing Hewitt v. Helms, 459 U.S. 460, 472 (1983)). "Classification of inmates in Louisiana is a duty of the . . . [jailer] and an inmate has no right to a particular classification under state law." Woods v. Edwards, 51 F.3d 577, 581-82 (5th Cir. 1995) (citation omitted).

Thus, "[i]nmates have no protectable property or liberty interest in custodial classification. The classification of prisoners is a matter within the discretion of prison officials. Absent an abuse of discretion, federal courts are loathe to interfere with custodial classifications established by prison officials." Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998) (citations omitted), abrogated on other grounds by Booth v. Churner, 532 U.S. 732, 735 (2001). The Fifth Circuit "has continued to hold post-Sandin that an inmate has no protectable liberty interest in his classification." Wilkerson v. Stalder, 329 F.3d 431, 435-36 (5th Cir. 2003) (citing Sandin v. Conner, 515 U.S. 472 (1995)).

---

[2] Overruled on other grounds by International Woodworkers of Am. v. Champion Int'l Corp., 790 F.2d 1174 (5th Cir. 1986), aff'd sub. nom. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987).

Louisiana statutes place no restrictions on the discretion of DOC officers or on sheriffs to establish programs of classification, education, vocational training and employment opportunities in prisons. See La. Rev. Stat. Ann. §§ 15:824(A)(1), 15:829(A) (West Supp. 1995) (discretion of DOC); id. §§ 15:707(B), 711(B) (discretion of sheriffs). In similar circumstances, federal courts, including the Fifth Circuit and district courts within it, have repeatedly held that an inmate has no protected liberty interest in becoming a trusty. See, e.g., Thomas v. Jordan, 2008 WL 4649095, *1 (5th Cir. Oct. 21, 2008) (no constitutionally protected interest is implicated by prison officials' failure to classify inmate as a trusty, depriving him of opportunity to earn good time credits); Walker v. Buentello, 149 Fed. Appx. 286, 287, 2005 WL 2404748, *1 (5th Cir. Sept. 30, 2005) (prisoner has no constitutionally cognizable interest in trusty status); Donaldson v. Ducote, 112 Fed. Appx. 329, 331, 2004 WL 2320073, *2 (5th Cir. Oct. 12, 2004) (no constitutionally cognizable liberty interest in transfer from trusty status to working cellblock); Jackson v. Harrison, 2009 WL 2708109, *2 (W.D. La. Aug. 26, 2009) (prisoner's claim based on denial of trusty status dismissed as legally frivolous); Pulliam v. Epps, 2008 WL 4911812, *1 (N.D. Miss. Nov. 13, 2008) (same); Peck v. Hoff, 660 F.2d 371, 373 (8th Cir. 1981) (South Dakota law does not create any legal entitlement to trusty status); Inmates, Washington County Jail v. England, 516 F. Supp.

132, 141 (E.D. Tenn. 1980), aff'd, 659 F.2d 1081 (6th Cir. 1981) (both conferral and removal of trusty status is within discretion of jail administrators).

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this \_\_\_28th\_\_\_ day of September, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE